# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00798-CR

**Gerard Montrell Hicks, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 68627, HONORABLE JOHN GAUNTT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Pursuant to a plea agreement, appellant Gerard Montrell Hicks pled no contest to a charge of aggravated assault with serious bodily injury, a second-degree felony offense. *See* Tex. Penal Code § 22.02. The trial court granted him eight years' community supervision. During a hearing on the State's motion to revoke probation, the trial court found that appellant had violated the terms and conditions of his community supervision agreement and sentenced him to eight years' imprisonment. *See* Tex. Code Crim. Proc. art 42.12, § 23.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. Counsel's brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744-45 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*,

488 U.S. 75, 80-82 (1988). Appellant's counsel has represented to the Court that he provided copies of the motion and brief to appellant; advised appellant of his right to examine the appellate record, file a pro se brief, and pursue discretionary review following the resolution of the appeal in this Court; and provided appellant with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-21 (Tex. Crim. App. 2014); *see also Taylor v. Texas Dep't of Protective & Regulatory Svcs.*, 160 S.W.3d 641, 646-47 n.4 (Tex. App.—Austin 2005, pet. denied). Appellant has not requested a copy of the appellate record, and the time to file a pro se brief has run.

We have independently reviewed the record and have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the appeal is frivolous and without merit. We grant counsel's motion to withdraw and affirm the judgment of conviction.[1]

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of his case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. *See generally* Tex. R. App. P. 68-79 (governing proceedings in Court of Criminal Appeals). Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that this Court overrules the last timely motion for rehearing filed. *See id.* R. 68.2. The petition must be filed with the clerk of the Court of Criminal Appeals. *Id.* R. 68.3(a). If the petition is mistakenly filed with this Court, it will be forwarded to the Court of Criminal Appeals. *Id.* R. 68.3(b). Any petition for discretionary review should comply with the rules of appellate procedure. *See id.* R. 68.4. Once this Court receives notice that a petition has been filed, the filings in this case cause will be forwarded to the Court of Criminal Appeals. *See id.* R. 68.7.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed: June 3, 2016

Do Not Publish